IN THE CIRCUIT COURT OF LACLEDE COUNTY, MISSOURI

| | |
|---|---|
| JAMES DAVIS, | ) |
|     Plaintiffs, | ) |
| vs. | ) Case No. _____ |
| AIRGAS, USA, LLC, | ) |
| *Serve at*: | ) JURY TRIAL DEMANDED |
|   CT Corporation System | ) |
|   120 South Central Ave. | ) |
|   Clayton, Missouri 63105 | ) |
|     Defendant, | ) |

## PETITION

COMES NOW Plaintiff, James Davis, by and through his attorneys of record, Hall Ansley, P.C., and for his cause of action against Airgas USA, LLC, states, alleges and avers to the Court as follows:

## PARTIES

1. Plaintiff James Davis ("Davis" or "Plaintiff") is a resident of Lebanon, Laclede County, Missouri.

2. Defendant Airgas USA, LLC ("Airgas" or "Defendant") is a Delaware limited liability company organized and existing under the laws of Delaware.

3. Airgas is authorized to conduct business in the state of Missouri.

4. Davis was an employee of Airgas and worked in Laclede County, Missouri.

5. Davis worked for Airgas from 2014 until his separation on or about August 17, 2018.

6. Davis was classified by the company as a sales specialist working in automation. However, at the time he was hired he was provided two job descriptions—one for the sales specialist position and another for that of a Robotics and Automation Technician.

7. Airgas classified Davis as an exempt salaried employee throughout his employment.

8. Throughout his employment Davis never worked as a sales specialist. Rather, Davis worked as a field service technician, (called a Robotics and Automation Technician by Airgas), traveling, repairing and testing components on behalf of Airgas. Davis' role was primarily manual labor and customer service. According to the job description for this position, the position was considered non-exempt.

## JURISDICTION

9. Jurisdiction of this action is conferred on this Court by Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), amended (29 U.S.C. § 216(b)).

10. Jurisdiction and venue are also appropriate in this Court as Plaintiff was employed in Lebanon, Laclede County, Missouri and damages were first sustained in this Laclede County.

11. Davis has consented to the filing of this action.

## GENERAL ALLEGATIONS

12. At all times relevant, Airgas has been, and continues to be, an employer engaged in interstate commerce and/or in the sale of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all times relevant, Airgas has employed and/or continues to employee, "employees," including the Plaintiff. At all times relevant, Airgas has had gross operating revenues in excess of $500,000.00.

13. Davis understands that the individual who filled his position prior to his arrival was paid as an hourly non-exempt employee. Upon the commencement of Davis' employment, Airgas classified the position as exempt and did not pay Davis overtime at a rate of 1 ½ times over his regular hourly rate.

14. The primary job of Davis was the service and repair of equipment in the field on behalf of Airgas. The job duties of Davis were consistent with those of a field service technician and thus Davis was entitled to overtime pursuant to the FLSA. *See* Wage and Hour Opinion Letter, U.S. Dept. of Labor, 2000 WL 34444354 (DOL Wage-Hour July 14, 2000).

15. Since 2014, Airgas had misclassified Davis as an exempt salaried employee and did not pay Plaintiff overtime pay for any hours worked in excess of forty (40) hours in a workweek.

16. Because Davis did not satisfy the criteria for an exempt employee, Davis should have been classified as a non-exempt employee, thereby making him eligible for overtime when he worked in excess of forty (40) hours per week. In this respect, Airgas misclassified Davis for compensation purposes.

17. Airgas failed to accurately record the actual time worked by Davis. Airgas could easily and accurately record the actual time worked by Davis.

18. In light of Airgas' failure to accurately record time worked by Davis, Airgas failed to provide accurate wage statements to Davis.

19. Davis tracked his weekly hours from April 2, 2018 until his last date of employment, August 17, 2018.

20. The week of April 2, 2018 until the week of April 6, 2018, Davis worked a total of fifty-two (52) hours on behalf of Airgas.

Electronically Filed - Laclede - September 06, 2018 - 02:33 PM

Exhibit A

Case 6:18-cv-03331-DPR   Document 1-1   Filed 10/10/18   Page 3 of 14

21. The week of April 9, 2018 through April 14, 2018, Davis worked a total of fifty (50) hours on behalf of Airgas.

22. The week of April 16, 2018 through April 21, 2018, Davis worked a total of fifty-three (53) hours on behalf of Airgas.

23. The week of April 23, 2018 through April 27, 2018, Davis worked a total of forty-five (45) hours on behalf of Airgas.

24. The week of April 30, through May 5, 2018, Davis worked a total of fifty (50) hours on behalf of Airgas.

25. The week of May 7, 2018 through May 11, 2018, Davis worked a total of fifty-two (52) hours on behalf of Airgas.

26. The week of May 14, 2018 through May 19, 2018, Davis worked a total of forty-nine (49) hours on behalf of Airgas.

27. The week of May 21, 2018 through May 28, 2018, Davis worked a total of forty-eight (48) hours on behalf of Airgas.

28. The week of May 28, 2018 through June 1, 2018, Davis worked a total of forty-five (45) hours on behalf of Airgas.

29. The week of June 4, 2018 and June 8, 2018, Davis worked a total of fifty-eight (58) hours on behalf of Airgas.

30. The week of June 11, 2018 through June 16, 2018, Davis worked a total of fifty-six (56) hours on behalf of Airgas.

31. The week of July 9, 2018 through July 13, 2018, Davis worked a total of fifty-five (55) hours on behalf of Airgas.

32. The week of July 16, 2018 through July 20, 2018, Davis worked a total of forty-nine (49) hours on behalf of Airgas.

33. The week of June 23, 2018 through July 27, 2018, Davis worked a total of fifty-one (51) hours on behalf of Airgas.

34. The week of July 30, 2018 through August 3, 2018, Davis worked a total of fifty-four (54) hours on behalf of Airgas.

35. The week of August 6, 2018 and August 10, 2018, Davis worked a total of fifty-seven (57) hours on behalf of Airgas.

36. Davis was not paid overtime for the hours worked in excess of forty (40) as described in paragraph 20 through paragraph 35.

37. Davis regularly worked a schedule requiring him to work in excess of forty (40) hours per week from the date of his hiring until his separation from Airgas. Davis typically worked between approximately forty-five (45) and fifty-eight (58) hours per week.

## COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

COME NOW Plaintiff, James Davis, by and through his attorneys of record, Hall Ansley, P.C., and for Count I of his cause of action against Airgas, states, alleges and avers to the Court as follows:

38. Plaintiff restates, re-alleges and re-avers herein all preceding paragraphs of this Petition as though they were fully set forth herein.

39. Davis was employed Airgas and served the company by performing field service work.

40. Airgas misclassified Davis and failed to properly pay him overtime compensation from the date he was hired until the date of his separation.

Exhibit A

Electronically Filed - Laclede - September 06, 2018 - 02:33 PM

41. Airgas' policy and practice of misclassifying Davis and denying Davis overtime compensation violates the FLSA.

42. Airgas failed to compensate Davis at a rate of not less than one and one-half times the regular rate of pay for worked performed in excess of forty hours in a work week, and therefore, Airgas has violated the FLSA, 29 U.S.C. § 201, et seq., including 29 U.S.C. § 207(a)(1).

43. On information and belief, Airgas knew it had mis-categorized Plaintiff as an exempt employee or, in the alternative, acted with reckless disregard to Plaintiff's rights when it categorized Plaintiff as an exempt employee.

44. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C §255(a).

45. Plaintiff has been damaged to the extent of his unpaid overtime compensation for the three (3) years prior to filing of this action.

46. Plaintiff is entitled to additional liquidated damages equal to the amount of his unpaid wages and his unpaid overtime wages pursuant to 29 U.S.C. § 216(b).

47. Plaintiff has incurred attorneys' fees and costs in bringing this action.

48. Plaintiff is entitled to damages for his attorneys' fees and costs in bringing this action pursuant to 29 U.S.C. § 216(b).

49. Plaintiff has consented in writing to being a party to this action. Said consent has been attached hereto and labeled as Exhibit A.

WHEREFORE Plaintiff prays for judgment against Airgas equal to his unpaid wages and unpaid overtime through the date of trial, for liquidated damages pursuant to 29 U.S.C. § 216(b), for attorneys' fees, costs, interest on any judgment, and such other and further relief as this Court shall deem just and proper under the circumstances.

## COUNT II – VIOLATIONS OF MISSOURI WAGE LAW

COMES NOW Plaintiff, James Davis, by and through his attorneys of record, Hall Ansley, P.C., and for Count II of his cause of action against Airgas, states, alleges and avers to the Court as follows:

50. Plaintiff restates, re-alleges and re-avers herein all preceding paragraphs of this Petition as though they were fully set forth herein.

51. Plaintiff has been entitled to the rights, protections and benefits provided under the Missouri Wage Law ("MWL"), codified at RSMo. § 290.500 et seq.

52. Airgas was the "employer" of Plaintiff pursuant to the MWL.

53. Plaintiff was Airgas' "employee" within the meaning of the MWL.

54. As set forth herein, Airgas illegally classified and/or treated Plaintiff as exempt, and thus failed to pay Plaintiff the overtime required by Missouri law.

55. Pursuant to the MWL, Plaintiff is entitled to be compensated at a rate of not less than one and one-half times his regular rate of pay for all work performed in excess of forty (40) hours in a workweek.

56. Airgas had a pattern and practice of violating the MWL by refusing and failing to pay Plaintiff overtime wages as required by the MWL.

57. Plaintiff is entitled to damages equal to double all unpaid overtime wages due within the two (2) years preceding filing of this Petition, plus and periods of tolling.

Exhibit A

58. Plaintiff is entitled to post-judgement interest at the applicable legal rate.

59. Airgas is liable for Plaintiff's attorney fees and costs/expenses pursuant to RSMo. § 290.527.

WHEREFORE, Plaintiff prays for his unpaid wages and overtime for the two (2) years preceding the filing of this action, for liquidated damages, for post-judgment interest, for his attorney fees, for the costs of bringing this action, and for such other and further relief as deemed appropriate by this Court.

        HALL ANSLEY,
        A Professional Corporation

By: /s/ *Timothy A. Ricker*
      BENJAMIN A. STRINGER
      Missouri Bar Number 50415
      TIMOTHY A. RICKER
      Missouri Bar Number 62050

3275 East Ridgeview
Springfield, MO 65808
Telephone:   417/890-8700
Facsimile:   417/890-8855
Email: bstringer@hallansley.com
Email: tricker@hallansley.com

*Attorneys for Plaintiff*

IN THE CIRCUIT COURT OF DADE COUNTY, MISSOURI,
PROBATE DIVISION

IN THE ESTATE OF:

AUSTIN ALLEN WRIGHT,  ESTATE NO. _____
Deceased

APPLICATION FOR LETTERS OF ADMINISTRATION
SECTION 473.017. RSMo.

Comes now, Cheryl Ann Wright, of full age, and states that Austin Allen Wright, 59 years of age, male, whose domicile and last residence address was 1113 East U.S. Highway 160, Everton, Missouri 65646, Dade County, Missouri, died intestate on the 3rd day of April, 2018; that decedent left real property in the State of Missouri with a probably value of $0.00 and intangible personal property with a probable value of $20,000; that petitioner as wife of decedent is qualified to be appointed personal representative of decedent's estate by statute.

Petitioner further states that she will make a perfect inventory of the estate, pay the debts and legacies, if any, as far as the assets extend and the law directs, account for and distribute or pay all assets which come into her possession and perform all thing required by law touching the administration of the estate.

At death, decedent was married. The surviving spouse is Cheryl Ann Wright who resides at 1113 East U.S. Highway 160 Everton, Missouri 65646.

Decedent's spouse is the parent of all of decedent's children.

Decedent had two daughters and no sons. The names and residence addresses decedent's daughters are as follows:

- Ashley M. Tracy, 319 N. Main St., Everton, Missouri 65646
- Jennifer A. Wilson, 505 S. Allison Ave., Greenfield, Missouri 65661

1

The applicant believes there are no heirs unknown to applicant.

Independent administration is requested. Consents of all heirs to independent administration are attached hereto.

WHEREFORE, Petitioner prays that the Court appoint: Cheryl Ann Wright as personal representative to administer decedent's estate without supervision of the Court and without bond.

The foregoing is made on this ___14th___ day of ___August___, 2018, under oath or affirmation, and its representations are true and correct to the best of Petitioner's knowledge and belief subject to the penalties of making a false affidavit or declaration.

_____Cheryl Ann Wright_____
Applicant's Signature
Cheryl Ann Wright
1113 East U.S. Highway 160
Everton, Missouri 65646

STATE OF MISSOURI      )
                       ) ss.
COUNTY OF __DADE__     )

SUBSCRIBED AND SWORN TO before me on this __14__ day of __August__, 2018.

_____Mark Davis_____
NOTARY PUBLIC

My Commission Expires: __07/19/2020__

> MARK DAVIS
> Notary Public, Notary Seal
> State of Missouri
> Dade County
> Commission # 16555619
> My Commission Expires July 19, 2020

2

**Exhibit A**

HALL ANSLEY,
A Professional Corporation

By: _____
BENJAMIN A. STRINGER
Missouri Bar Number 50415
TIMOTHY A. RICKER
Missouri Bar Number 62050

3275 East Ridgeview Street
Springfield, Missouri 65804
Telephone: (417) 890-8700
Facsimile: (417) 890-8855
Email: bstringer@hallansley.com
Email: tricker@hallansley.com

*Attorneys for Plaintiff*



## IN THE 26TH JUDICIAL CIRCUIT, LACLEDE COUNTY, MISSOURI

| Judge or Division: | Case Number: 18LA-CC00088 |
|---|---|
| Plaintiff/Petitioner:<br>JAMES DAVIS<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN A STRINGER<br>3275 E RIDGEVIEW STREET<br>SPRINGFIELD, MO 65808 |
| Defendant/Respondent:<br>AIRGAS, USA, LLC | Court Address:<br>LACLEDE COUNTY COURTHOUSE<br>200 N ADAMS<br>LEBANON, MO 65536 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

### Summons in Civil Case

The State of Missouri to: AIRGAS, USA, LLC
Alias:
CT CORPORATION SYSTEM
120 S. CENTRAL AVE.
CLAYTON, MO 63105

COURT SEAL OF
LACLEDE COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____9/6/2018_____     _/S/WANDA TYRE, CIRCUIT CLERK_
Date                                    Clerk

Further Information:

### Sheriff's or Server's Return
Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____         _____
Printed Name of Sheriff or Server         Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____     _____
                          Date           Notary Public

**Sheriff's Fees, if applicable**
Summons $_____
Non Est $_____
Sheriff's Deputy Salary
Supplemental Surcharge $___10.00___
Mileage $_____ (_____ miles @ $_____ per mile)
Total $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Exhibit A

SB 10-6



# IN THE 26TH JUDICIAL CIRCUIT, LACLEDE COUNTY, MISSOURI

| Judge or Division: | Case Number: 18LA-CC00088 |
|---|---|
| Plaintiff/Petitioner:<br>JAMES DAVIS<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN A STRINGER<br>3275 E RIDGEVIEW STREET<br>SPRINGFIELD, MO 65808 |
| Defendant/Respondent:<br>AIRGAS, USA, LLC | Court Address:<br>LACLEDE COUNTY COURTHOUSE<br>200 N ADAMS<br>LEBANON, MO 65536 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: AIRGAS, USA, LLC
   Alias:
CT CORPORATION SYSTEM
120 S. CENTRAL AVE.
CLAYTON, MO 63105

CT CORP

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

LACLEDE COUNTY

_____9/6/2018_____     _/S/ WANDA TYRE, CIRCUIT CLERK_
      Date                                Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
**LCW – A. BRANDON** (name) **INTAKE SPECIALIST** (title).
☐ other: _____

Served at **CT CORP.** _____ (address)
in **St. Louis County** (County/City of St. Louis), MO, on **SEP 19 2018** (date) at **9 AM** (time).

_LEISINGER_                               _[signature]_
Printed Name of Sheriff or Server            Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____  _____
                          Date       Notary Public

**Sheriff's Fees, if applicable**
Summons              $ _____
Non Est              $ _____
Sheriff's Deputy Salary
Supplemental Surcharge  $ 10.00
Mileage              $ _____ (_____ miles @ $_____ per mile)
Total                $ _____

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SEP 17 2018

9-17-18

18-SMCC-7842

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 18-SMCC-1290    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Exhibit A



SB 10-6

# IN THE 26TH JUDICIAL CIRCUIT, LACLEDE COUNTY, MISSOURI

| Judge or Division: | Case Number: 18LA-CC00088 |
|---|---|
| Plaintiff/Petitioner:<br>JAMES DAVIS | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN A STRINGER<br>3275 E RIDGEVIEW STREET<br>SPRINGFIELD, MO 65808 |
| vs. | |
| Defendant/Respondent:<br>AIRGAS, USA, LLC | Court Address:<br>LACLEDE COUNTY COURTHOUSE<br>200 N ADAMS<br>LEBANON, MO 65536 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: AIRGAS, USA, LLC
Alias:
CT CORPORATION SYSTEM
120 S. CENTRAL AVE.
CLAYTON, MO 63105

CT CORP

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

LACLEDE COUNTY

9/6/2018          /S/WANDA TYRE, CIRCUIT CLERK
Date                            Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
**LCW – A. BRANDON** (name) **INTAKE SPECIALIST** (title).
☐ other: _____

Served at **CT CORP** (address)
in **St. Louis County** (County/City of St. Louis), MO, on **SEP 19 2018** (date) at **9 AM** (time).

**LEISINGER**
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____
                        Date                    Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ ____ ( ____ miles @ $ ____ per mile) |
| Total | $ |

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

18-SMCC-7842

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 18-SMCC-1290   1 of 1   Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

9-17-18

Exhibit A

Electronically Filed - Laclede - September 20, 2018 - 02:22 PM

Case 6:18-cv-03331-DPR   Document 1-1   Filed 10/10/18   Page 14 of 14